UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Michelle Anita Baker,                               File No. 23-cv-1386 (ECT/DJF)

    Plaintiff,

v.                                                  **OPINION AND ORDER**

CitiMortgage, Inc. and Craig M. Barbee,

    Defendants.

---

Michelle Anita Baker, Andover, MN, *pro se*.

Orin J. Kipp, Wilford Geske & Cook, P.A., Woodbury, MN, for Defendant CitiMortgage, Inc.

Michael J. Pfau and Patrick D. Newman, Bassford Remele PA, Minneapolis, MN, for Defendant Craig M. Barbee.

---

    *Pro se* Plaintiff Michelle Anita Baker alleges that Defendants CitiMortgage and Craig M. Barbee violated various federal laws in connection with a foreclosure action. Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(6). Ms. Baker seeks a preliminary injunction. This is Ms. Baker's fourth case against CitiMortgage and her first against Mr. Barbee. The prior three cases were dismissed as to CitiMortgage. This case deserves the same result on claim-preclusion principles. If that weren't so, the case would be dismissed because the operative Amended Complaint alleges no plausible claim for relief. Defendants' motions to dismiss will therefore be granted, and Ms. Baker's motion for a preliminary injunction will be denied as moot.

*Ms. Baker's Amended Complaint.* In an introductory paragraph, Ms. Baker explains that she is suing CitiMortgage and Mr. Barbee under the Truth in Lending Act ("TILA"), the Fair Debt Collection Practices Act ("FDCPA"), and the "Civil Rights Act of 1866 and 1964." Am. Compl. [ECF No. 8] at 1. Ms. Baker alleges that she resides in Andover, Minnesota. *Id.* at 1 ¶ 2. She alleges that she "maintained an account with [CitiMortgage]." *Id.* at 2 ¶ 1. She describes CitiMortgage as the holder of a note and mortgage. *Id.* at 2 ¶ 8. She identifies property by reference to a residential address. *Id.* at 2 ¶ 5. Though Ms. Baker is not precise on the point in her Amended Complaint, one may reasonably infer that the identified property is subject to the mortgage. *See id.* at 2 ¶¶ 5, 6. Ms. Baker alleges that CitiMortgage and Mr. Barbee "commenced adverse actions to dispose" of the property and "used non-judicial processes to try to seize the property." *Id.* at 3 ¶¶ 22, 24. Ms. Baker alleges that CitiMortgage failed to provide her with some information, *see id.* at 2 ¶¶ 3–6, and provided her with misleading or false information, *see id.* ¶¶ 7–15. For relief, Ms. Baker seeks damages (including punitive damages) and that the property "be returned" to her. *See id.* at 1 ¶ 1 and at 4 (following the "WHEREFORE" clause).

*Ms. Baker's Prior Cases Against CitiMortgage.* (1) Ms. Baker first sued CitiMortgage in 2016. *See Baker v. CitiMortgage, Inc.*, No. 16-cv-1103 (DSD/JSM), 2016 WL 4697334 (D. Minn. Sept. 7, 2016) ("*Baker I*"). In this first case, Ms. Baker sought to void a mortgage. *Id.* at *1. Ms. Baker does not deny that the mortgage she sought to void in this first suit is the same mortgage at issue in this case. *See* ECF No. 55 at 1–2. Judge Doty dismissed Ms. Baker's first suit with prejudice under Rule 12(b)(6). *See Baker I,* 2016 WL 4697334, at *2–4. Ms. Baker did not appeal Judge Doty's order and judgment.

2

(2) Ms. Baker filed her second case in 2017. *See Baker v. CitiMortgage, Inc.*, No. 17-cv-2271 (SRN/KMM), 2018 WL 1838060 (D. Minn. Apr. 18, 2018) ("*Baker II*"). In this second case, Ms. Baker asserted several claims arising from CitiMortgage's conduct regarding the mortgage. *Id.* at *3 (listing claims). Then-Magistrate Judge Menendez recommended the case's dismissal under Rule 12(b)(6). *Baker II*, 2017 WL 6886712, at *9 (D. Minn. Dec. 21, 2017). Judge Nelson accepted this recommendation and dismissed the case with prejudice. *Baker II*, 2018 WL 1838060, at *9. Ms. Baker appealed the case's dismissal to the Eighth Circuit, and it affirmed. *Baker II*, 753 Fed. App'x 428 (8th Cir. 2019). (3) Ms. Baker filed her third case in 2020. *See Baker v. Cenlar FSB, CitiMortgage, Inc.*, No. 20-cv-0967 (JRT/HB), 2020 WL 6947859 (D. Minn. Sept. 29, 2020) ("*Baker III*"). In this third case, Ms. Baker sought cancellation of a foreclosure, evidently against the same property subject to the same mortgage at issue in this case. *See id.* at *1. Then-Magistrate Judge Bowbeer recommended the case's dismissal, albeit without prejudice to give Ms. Baker an opportunity to amend her deficient complaint. *Id.* at *3. Judge Tunheim accepted the report and recommendation. *Baker III*, No. 20-cv-967 (JRT/HB), 2020 WL 6947434, at *1 (D. Minn. Nov. 25, 2020). Ms. Baker filed an amended complaint, but the amended complaint did not name—and thus dropped—CitiMortgage as a defendant in the case. *See Baker III*, 2022 WL 993668, at *1 (D. Minn. Apr. 1, 2022). Judge Tunheim entered summary judgment against Ms. Baker's claims against the remaining defendant, Cenlar FSB. *See Baker III*, 2022 WL 993668, at *3. Ms. Baker appealed that order and judgment, and the Eighth Circuit affirmed. *Baker III*, No. 22-2310, 2023 WL 142494 (8th Cir. Jan. 10, 2023).

*The Rule 12(b)(6) Standards.*  Begin with Defendants' motions to dismiss.[1]  In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept as true all of the factual allegations in the challenged complaint and draw all reasonable inferences in the plaintiff's favor.  *Gorog v. Best Buy, Inc.*, 760 F.3d 787, 792 (8th Cir. 2014) (citation omitted).  Although the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Though *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a *pro se* complaint "still must allege sufficient facts to support the claims advanced," *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006).

*The Claim-Preclusion Problem – Applicable Law.*  CitiMortgage rightly points out that Ms. Baker's three prior suits raise a question regarding claim preclusion.  "The preclusive effect of a federal-court judgment is determined by federal common

---

[1] The Eighth Circuit's familiar *Dataphase* decision describes the list of considerations applied to decide whether to grant preliminary injunctive relief, and the first of these considerations is "the likelihood that the movant will succeed on the merits."  *Parents Defending Educ. v. Linn Mar Cmty. Sch. Dist.*, --- F.4th ---, No. 22-2927, 2023 WL 6330394, at *5 (8th Cir. Sept. 29, 2023) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc)).  Beginning with Defendants' dismissal motions addresses this important consideration.

law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507–08 (2001)).[2]  Under federal common law, claim preclusion applies when "'(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action.'" *Elbert v. Carter*, 903 F.3d 779, 782 (8th Cir. 2018) (quoting *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998)). "'[W]hether two claims are the same for [claim preclusion] purposes depends on whether the claims arise out of the same nucleus of operative fact or are based upon the same factual predicate.'" *Id.* (quoting *Murphy v. Jones*, 877 F.2d 682, 684–85 (8th Cir. 1989)). Claim preclusion is an affirmative defense that a defendant must plead and prove, but a court may nonetheless dismiss an action on this basis under Rule 12(b)(6) if the complaint (including public records and documents it embraces) establishes that the plaintiff's claims are precluded. *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763–64 (8th Cir. 2012). The records regarding Ms. Baker's prior suits are "public records" that appropriately may be considered in deciding the claim-preclusion question under Rule 12(b)(6). *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

---

[2] CitiMortgage cites Minnesota claim-preclusion principles as grounds for its motion. ECF No. 43 at 5–6. Because the assertedly preclusive prior judgments are all federal, I do not think Minnesota law applies. Jurisdiction was founded in all three cases on the presence of a federal question. But it doesn't really matter. "[T]he elements of res judicata under Minnesota law are nearly identical to the elements of res judicata under federal common law." *Magee v. Hamline Univ.*, 1 F. Supp. 3d 967, 973 n.4 (D. Minn. 2014), *aff'd in part*, 775 F.3d 1057 (8th Cir. 2015).

5

*The Claim-Preclusion Problem – Applying the Law.* Here, the public records regarding Ms. Baker's prior suits establish that her claims against CitiMortgage in this case are precluded. (1) At least the first two prior suits resulted in judgments on the merits. *See Baker I*, 2016 WL 4697334, at **2–4 (dismissing case with prejudice); *Baker II*, 753 Fed. App'x 428 (affirming with-prejudice dismissal).³ (2) Ms. Baker asserted claims arising under federal law in both cases. *See Baker I*, 2016 WL 4697334, at *1 (noting that Ms. Baker alleged that "CitiMortgage defrauded her in violation of 12 U.S.C. § 24(7)"); *Baker II*, 2017 WL 6886712, at *2 (noting that "Ms. Baker makes several allegations concerning 26 U.S.C. § 1031"). Neither the district court nor the Eighth Circuit (in *Baker* II) questioned the presence of subject-matter jurisdiction. And Ms. Baker does not suggest here that either *Baker I* or *Baker II* were not based on proper jurisdiction. (3) *Baker I* and *Baker II* involved the same parties. In both cases, as here, Ms. Baker was the plaintiff and CitiMortgage was a defendant. (4) *Baker I* and *Baker II* were based on the same cause of action as this case in the sense that "the claims arise out of the same nucleus of operative fact or are based upon the same factual predicate." *Elbert*, 903 F.3d at 782 (quotation omitted). In *Baker I* and *Baker II*, as here, Ms. Baker challenged CitiMortgage's rights, including its foreclosure rights, in connection with the mortgage based on CitiMortgage's alleged violations of federal and Minnesota law. There is no discernable daylight between

---

³       It is not clear whether *Baker III* resulted in a judgment on the merits as to CitiMortgage. There, recall that Ms. Baker filed an amended complaint in which she voluntarily dropped CitiMortgage as a defendant after Magistrate Judge Bowbeer determined that the original complaint failed to state a plausible claim against CitiMortgage. *Baker III*, 2020 WL 6947859, at *2. The presence of Ms. Baker's first two suits make it unnecessary to answer this question.

Ms. Baker's claims in her first two suits and her claims in this case. Ms. Baker's only challenge to CitiMortgage's claim-preclusion argument is that this suit concerns a foreclosure proceeding that occurred May 25, 2023, and that "this is not a claim that the Plaintiff has brought before this Court." ECF No. 55 at 2. Ms. Baker raises a fair point. If the Amended Complaint in this case identified some factual basis unique to the May 2023 foreclosure proceeding, claim preclusion likely would not apply. Ms. Baker could not have asserted claims in *Baker I* or *Baker II* based on yet-to-occur facts, and the claim-preclusion doctrine would not foreclose her from asserting such a claim in this case. *See Clark v. Yosemite Cmty. Coll. Dist.*, 785 F.2d 781, 789 (9th Cir. 1986) ("When other facts or conditions intervene, forming a new basis for a claim, the issues are no longer the same and res judicata does not apply."). The problem is that, even construed liberally, the Amended Complaint cannot reasonably be understood to assert a claim in this case based on a fact or facts unique to the May 2023 foreclosure proceeding. The Amended Complaint omits allegations describing when particular conduct occurred. It is true that two exhibits attached to the Amended Complaint reference a May 25, 2023, foreclosure sale, *see* Am. Compl. Exs. A and B [ECF No. 8-1 at 1–2], but neither these exhibits nor the Amended Complaint connect CitiMortgage's assertedly unlawful behavior to acts occurring specifically and only in connection with the May 2023 foreclosure proceeding.

*The Other Rule 12(b)(6) Problems.* If the Amended Complaint were not subject to dismissal on claim-preclusion grounds, it would be dismissed under a traditional Rule 12(b)(6) "plausibility" analysis. (1) The first dismissal-worthy problem with the Amended Complaint is that it asserts legal conclusions without essential supporting factual

7

allegations. *See Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014) ("In ruling on a motion to dismiss, we have instructed, courts must take all of the factual allegations in the complaint as true, but are not bound to accept as true a legal conclusion couched as a factual allegation." (quotations omitted)). For example, Ms. Baker accuses CitiMortgage of misrepresenting facts, but she never alleges what those misrepresentations were, how the false or misleading information CitiMortgage allegedly furnished to her and others concerned the note or mortgage, or how the alleged misrepresentations might have injured her. *See, e.g.*, Am. Compl. at 2 ¶¶ 7, 11–12, and at 3 ¶¶ 13–16. The same is true of Ms. Baker's allegations against Mr. Barbee. Ms. Baker alleges that Mr. Barbee represented CitiMortgage, but she does not allege what Mr. Barbee might have said or done that was unlawful. *See id.* at 3 ¶¶ 18, 21–24. She asserts claims against Mr. Barbee, seemingly under 42 U.S.C. § 1983, *see id.* at 3 ¶ 17, but she alleges no facts hinting how Mr. Barbee might have been a state actor in connection with his foreclosure-related activities, *see Americans United for Separation of Church and State v. Prison Fellowship Ministries, Inc.*, 509 F.3d 406, 421–22 (8th Cir. 2007). And it is frivolous to suggest—as Ms. Baker does—that Mr. Barbee's letter of April 21, 2023, *id.*, Ex. A [ECF No. 8-1 at 1], was "harass[ing] and intimidat[ing]" in any objectively reasonable sense of those terms, *id.* at 3 ¶ 25. (2) The second problem is that many of the Amended Complaint's allegations are quite vague. For example, Ms. Baker accuses CitiMortgage of "fail[ing] to disclose that a financial asset was given by Michelle Anita Baker for the purchase of the property listed above." *Id.* at 2 ¶ 6. But she does not allege to whom this disclosure should have been made, what "financial asset" should have been the subject of the disclosure, or why the

failure to disclose this information might have been unlawful. Many of the Amended Complaint's references to the law are also difficult to discern. *See, e.g.*, *id.* at 2 ¶¶ 3, 12.[4] Here, the Amended Complaint's vagueness leaves the reader to guess or hypothesize what claims Ms. Baker may intend to assert. That would not be appropriate. *See Dahmen v. New Creation Daycare Corp.*, No. 23-cv-1948 (PJS/JFD), 2023 WL 4299066, at *1 n.1 (D. Minn. June 30, 2023) ("Further, although pro se complaints are to be liberally construed, federal courts are not required to 'divine the litigant's intent and create claims that are not clearly raised.'" (quoting *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 840 (8th Cir. 2004)). Even giving the Amended Complaint a liberal construction and every reasonable benefit of the doubt, I cannot say that it asserts a plausible claim.

*Dismissal With or Without Prejudice?* "[C]ourts ultimately have discretion to decide between a with-prejudice and without-prejudice dismissal." *Miles v. Simmons Univ.*, 514 F. Supp. 3d 1070, 1080 (D. Minn. 2021). Dismissal with prejudice is often appropriate when a plaintiff has shown "persistent pleading failures" despite one or more opportunities to amend. *See Milliman v. Cnty. of Stearns*, No. 13-cv-136 (DWF/LIB), 2013 WL 5426049, at *16 (D. Minn. Sept. 26, 2013). On the other hand, when a plaintiff's claims "might conceivably be repleaded with success," dismissal without prejudice may be justified. *Washington v. Craane*, No. 18-cv-1464 (DWF/TNL), 2019 WL 2147062, at *5 (D. Minn. Apr. 18, 2019), *report and recommendation adopted*, 2019 WL 2142499 (D.

---

[4] This was a problem with Ms. Baker's past suits as well. *See Baker II*, 2017 WL 6886712, at *1 ("[T]he Court notes that the Complaint contains numerous conclusory statements, and sections that are difficult to follow . . . [and] uses a host of legal jargon that lacks a discernible and clear meaning.").

9

Minn. May 16, 2019). The better answer here is a with-prejudice dismissal. Though it may be presumed that Ms. Baker knows she had the right to ask for an opportunity to amend—Magistrate Judge Bowbeer gave her that opportunity in *Baker III*, 2020 WL 6947859 at *3, and Ms. Baker took advantage of an opportunity to amend as of right in this case—she did not request that opportunity here in response to Defendants' motions. Ms. Baker's pleading failures are persistent when one considers that this is her fourth suit against CitiMortgage, and each has failed at the motion-to-dismiss stage. Her allegations against Mr. Barbee are so insubstantial that it is difficult to hypothesize how they might conceivably be repleaded with success.[5]

## ORDER

Therefore, based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1.  Defendant Craig M. Barbee's Motion to Dismiss [ECF No. 34] is **GRANTED**;

2.  Defendant CitiMortgage, Inc.'s Motion to Dismiss [ECF No. 42] is **GRANTED**;

---

[5] Ms. Baker's preliminary-injunction motion will be denied as moot. Nonetheless, two matters relating to the motion deserve comment. First, Ms. Baker's submissions on this motion did not fairly reflect the remedy's extraordinary nature. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also* ECF No. 24. Second, Ms. Baker has not shown how she might suffer irreparable harm. She seeks substantial damages in the Amended Complaint, and she does not allege or explain why those damages might not fully redress any injury she alleges to have suffered. *See MPAY Inc. v. Erie Custom Comput. Applications, Inc.*, 970 F.3d 1010, 1020 (8th Cir. 2020).

3. Plaintiff Michelle Anita Baker's Motion for a Preliminary Injunction [ECF No. 22] is **DENIED as moot**;

4. This action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 10, 2023

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court